959 F.2d 244
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 ZELLERBACH PAPER COMPANY, Plaintiff-Appellant,
v.
UNITED PAPER WORKERS INTERNATIONAL LOCAL 1400, Defendant-Appellee.
 
 No. 91-55180.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1992.
Decided April 9, 1992.
 MEMORANDUM*
 Before ALARCON, BEEZER and RYMER, Circuit Judges.
 
 
 1
 Zellerbach Paper Co. appeals the district court's dismissal of its complaint under Fed.R.Civ.P. 12(b)(6). Zellerbach seeks a declaration that two grievances filed by the United Paper Workers International, Local 1400 for alleged violation of practices in effect before the parties' present collective bargaining agreement are not arbitrable. Zellerbach contends that the agreement's arbitration clause covers only disputes over express terms of the agreement, none of which obligates Zellerbach to adhere to past practices. We review de novo dismissal for failure to state a claim under Rule 12(b)(6), Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990), and affirm.
 
 
 2
 * The parties agree that Zellerbach has to show either an express term of the collective bargaining agreement excluding the grievance from arbitration, or "forceful evidence of a purpose to exclude the claim from arbitration." United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 584-85 (1960); Teamsters Union Local 287 v. Frito-Lay, Inc., 849 F.2d 1210, 1213 (9th Cir.1988).
 
 
 3
 There is no express exclusion. Zellerbach argues that an express exclusion is unnecessary, however, because the 1990 agreement as a whole shows the parties recognized that it contains all of the enforceable rights and obligations of the parties. The agreement does not exclude management rights disputes from arbitration. The management rights clause is implicated because the Union's grievances relate to Zellerbach's ability to "make and enforce" "rules" and to make "schedules of production" and "work standards," whether contrary to past practices or not. Moreover, neither Alpha Beta Co. v. Retail Store Employees Union, Local 428, AFL-CIO, 671 F.2d 1247 (9th Cir.1982) (issue of arbitrability not reached), nor Rochdale Village, Inc. v. Public Servs. Employees Union, Local No. 80, 605 F.2d 1290 (2d Cir.1979) (separate contract not arbitrable), upon which Zellerbach relies, relaxes the Warrior & Gulf standard. The district court correctly concluded, therefore, that Zellerbach's complaint had failed to allege an express exclusion.
 
 
 4
 The district court also held that Zellerbach's complaint failed to allege forceful evidence of a purpose to exclude grievances over past practice from arbitration. Zellerbach argues that the court defaulted in its duty to determine arbitrability, and erred in finding that the facts, construed most favorably to it, were not forceful evidence.
 
 
 5
 Zellerbach's detailed complaint states that both parties understood that some past employer practices were binding under the previous collective agreement; that, for the 1990 agreement, the Union proposed and Zellerbach rejected language memorializing past practices; that Zellerbach proposed and the Union rejected language eliminating past practices from the agreement; that neither proposal was incorporated in the final agreement; and that a management rights clause was introduced which did not mention arbitrability or past practices. Whatever the effect of these negotiations on whether past practices were part of the 1990 Agreement, they are not forceful evidence of the parties' intent to exclude grievances as to past practice from arbitration.
 
 
 6
 Zellerbach's argument that it would only be appropriate for the district court to determine if the evidence adduced is "forceful" after trial on the merits misapprehends the showing that its complaint must make to state a claim for relief. Unless evidence of a purpose to exclude is forceful, the grievance will be arbitrable under Warrior & Gulf. Put another way, one of the elements Zellerbach must prove is that the facts alleged amount to forceful evidence of a purpose to exclude. Accordingly, Zellerbach was required to describe in its pleadings that that type of evidence existed. The district court, ruling on a 12(b)(6) motion, quite properly had to decide whether the facts alleged produced "forceful evidence." We cannot say the district court erred in concluding they did not.
 
 
 7
 Zellerbach relies on the Seventh Circuit's decision in Independent Petroleum Workers of America, Inc. v. American Oil Co., 324 F.2d 903, 907 (7th Cir.1963), aff'd mem., 379 U.S. 130 (1964), which found a bargaining history involving repeated rejection of the Union's limitation on contracting out "significant" in determining whether the subject was part of the agreement, thereby obligating the employer to arbitrate. Independent Petroleum does not compel a different result in this case, however, because the court found this bargaining history merely "significant," id. at 907, and rested its holding on the fact that the Union could not peg its grievance on any particular part of the collective agreement, id. at 906-07. Unlike the facts alleged here, the Union's proposal in Independent Petroleum was repeatedly rejected and was never part of the parties' prior relationship.
 
 II
 
 8
 Zellerbach suggests that the district court should have given leave to amend. We do not consider this point, because it was raised for the first time in its Reply Brief.[1]
 
 
 9
 The Union requests that sanctions be awarded for filing a frivolous appeal. We decline to do so, because Zellerbach's arguments are not frivolous and do not appear to be in bad faith.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In any event, Zellerbach's complaint is extremely detailed and counsel indicated to the district court that its proof at trial would not vary significantly from the facts set out in the complaint